UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIMINAL NO. 04-10300-GAO |
| | ) | |
| | ) | |
| CRANDALL RACK, | ) | |
| Defendant. | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, pursuant to Fed. R. Crim. P. 30, requests that the Court, in addition to its usual instructions in criminal cases, administer the following instructions to the jury.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorneys

# **TABLE OF CONTENTS**

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . . . . . . . 1

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . 3

WHAT IS EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL . . . . . . . . . . . . . . . . . . . . . . . . 5

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION . . . . . . . . . . . . 7

WEIGHING THE TESTIMONY OF AN EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . 8

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . . . . . . . . . . . . . . 9

CAUTIONARY AND LIMITING INSTRUCTIONS
    AS TO PARTICULAR KINDS OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

COCAINE: SCHEDULE II CONTROLLED SUBSTANCE . . . . . . . . . . . . . . . . . . . . . . . . . 13

POSSESSION WITH INTENT TO DISTRIBUTE
  A CONTROLLED SUBSTANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

USING OR CARRYING A FIREARM DURING
    AND IN RELATION TO DRUG TRAFFICKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

"ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

VERDICT FORM
    COUNT ONE (Possession with the Intent to Distribute Cocaine Base) . . . . . . . . . . . . . . . 24

    COUNT TWO
        (Use/Carry Firearm During/Relation to Drug Crime) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

1.  **PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict the defendant.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 2. <u>DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY</u>

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### 3. <u>**WHAT IS EVIDENCE; INFERENCES**</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; and the exhibits that have been received into evidence.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 4. <u>KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL</u>

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

5

## 5. <u>CREDIBILITY OF WITNESSES</u>

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### 6. IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION

It is possible that you may have heard evidence that certain witnesses have previously been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to such witnesses' testimony.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 7. <u>WEIGHING THE TESTIMONY OF AN EXPERT WITNESS</u>

You have heard testimony from one or more expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 8. <u>DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW</u>

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

9

## 9. CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 10. <u>WHAT IS NOT EVIDENCE</u>

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this  defendant has been indicted is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 11. <u>COCAINE: SCHEDULE II CONTROLLED SUBSTANCE</u>

As a matter of law, I instruct you that cocaine is a Schedule II controlled substance. You must take this as a fact.

21 U.S.C. §§ 802(6), 812.

### 12. <u>POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE</u>
### [21 U.S.C. § 841(A)(1)]

CRANDALL RACK is accused of possessing cocaine base, also known as "crack cocaine," on or about June 21, 2004, intending to distribute it to someone else. It is against federal law to have cocaine base, also known as "crack cocaine," in your possession with the intention of distributing it to someone else. For you to find CRANDALL RACK guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that CRANDALL RACK on that date possessed crack cocaine, either actually or constructively;

Second, that he did so with a specific intent to distribute the crack cocaine over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that CRANDALL RACK actually delivered the crack cocaine to someone else, or that he made any money out of the transaction.  It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was crack cocaine, and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use.  In other words, if you find that the defendant possessed a quantity of crack cocaine, larger than that which would be needed for personal use -- then you may infer that the defendant intended to distribute cocaine base, also known as "crack cocaine."  The law does not

require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

"Possession" includes both sole possession and joint possession.  If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### 13. USING OR CARRYING A FIREARM DURING AND IN RELATION TO DRUG TRAFFICKING
### [18 U.S.C. § 924(c)(1)(A)]

CRANDALL RACK is also accused of using or carrying a firearm during and in relation to a drug trafficking crime, namely, the possession with the intent to distribute cocaine base, also known as crack cocaine. For you to find CRANDALL RACK guilty of this crime, you must be satisfied that the government has proven each of the following things:

First, that the defendant committed the crime of possessing with intent to distribute crack cocaine, a Schedule II controlled substance, described in Count One; and

Second, during and in relation to the commission of that crime, that the defendant knowingly used or carried a firearm.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

To "carry" a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime. It need not be immediately accessible. To "use" a firearm during and in relation to a crime means to employ the firearm actively, such as to brandish, display, barter, strike with, fire or attempt to fire it, or even to refer to it in a way calculated to affect the underlying crime. The firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its sole purpose, however.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

16

### 14. **<u>"ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED</u>**

The indictment charges that the offense alleged was committed "on or about June 21, 2004."

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

## 15. <u>FOREPERSON'S ROLE; UNANIMITY</u>

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 16. <u>CONSIDERATION OF EVIDENCE</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 17. <u>PUNISHMENT</u>

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

<u>Fifth Circuit Pattern Jury Instructions</u> (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley <u>et al.</u>, <u>Federal Jury Practice and Instructions</u> § 20.01 (5th ed. 2000).

## 18. <u>REACHING AGREEMENT</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

21

## 19. <u>RETURN OF VERDICT FORM</u>

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## 20. <u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit

1998 Edition.

**21. <u>VERDICT FORM</u>**
**<u>COUNT ONE (Possession with the Intent to Distribute Cocaine Base)</u>**

Do you find that CRANDALL RACK is:

❑ not guilty    ❑ guilty

of Count One of the indictment?

  If your answer is not guilty, do not go on to the next question.

  If your answer is guilty, do you find that Count One involved 5 grams or more of a

mixture or substance containing a detectable amount of cocaine base?

❑ no        ❑ yes

25

## 22. __COUNT TWO (Use/Carry Firearm During/Relation to Drug Crime)__

Do you find that CRANDALL RACK is:

❑ not guilty     ❑ guilty

of Count Two of the indictment?

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney
(617) 748-3654

April 21, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by first class mail:

Gordon Spencer, Esq.
1256 Park Street
Stoughton, MA 02072

This 21st day of April 2005.

/s/ Paul R. Moore
Paul R. Moore
ASSISTANT U.S. ATTORNEY

27