UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No., 04-10330-GAO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CRANDEL RACK | ) |
| | ) |

**MOTION TO EXCLUDE TESTIMONY REGARDING SECOND TESTING OF NARCOTICS**

Now comes the defendant in the above-entitled matter, by and through his counsel, and moves this court to exclude any evidence of the Governments' second attempt at testing of the narcotics at issue in this case, which took place on or about May 19, 2005, including any testimony which indicates the results of said tests.

As grounds for this request, the Defendant states that the Government had the option of testing the narcotics at the time of indictment, and throughout the discovery process, but choose against such a procedure, opting to present evidence of an estimated weight of the narcotics. The Defendant has prepared a strategy and defense based upon the Government's decisions, including securing an expert for trial, and for the Government to now alter its presentation on the eve of trial, will cause the Defendant substantial prejudice as he will have to change experts and strategy, causing him undue delay and expense. The Defendant further relies upon the affidavit of undersigned counsel, which outlines the procedural history leading to the present set of circumstances.

- 2 -

        CRANDEL RACK,
        By his Attorney,

        _____
        Gordon W. Spencer
        1256 Park Street, Suite 104
        Stoughton, MA 02072
        BBO #630488

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No., 04-10330-GAO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CRANDEL RACK | ) |
| | ) |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE SECOND TESTING OF NARCOTICS**

Under oath, I hereby depose and state as follows:

1. My name is Gordon W. Spencer, and I represent the Defendant Mr. Crandel Rack.

2. I first became involved in this case on or about October 5, 2005, wherein I filed an appearance, and represented Mr. Rack on a Detention Hearing, being subsequently detained.

3. On November 17, 2004, (after I received automatic discovery) I sent the Government (Moore) correspondence specifically requesting discovery in the form of drug activity logs, and lab notes generated by the chemist who performed the analysis of the narcotics. I enclose a copy of this letter as exhibit 1.

4. The reason why I wanted the drug activity log was because it speaks to the chain of custody. The reason why I wanted the chemist's lab notes, was because the drug certificate indicates that the chemist gave a "projected" weight of the drugs, and I needed to further ascertain or corroborate her findings. See drug certificate attached hereto as Exhibit 2. I also wanted to see if I needed to present any expert testimony to the contrary.

5. Shortly thereafter, I received notice from the Government indicating that they have nothing else, and have complied with discovery.

-2-

6. Based upon this representation, I assumed that there would be no evidence regarding drug logs, or lab notes.

7. Furthermore, based upon this representation, I took the time to seek out an expert to discredit the reliability of the chemist's projected weighing.

8. After I found an expert and secured his presence for trial, and disclosing same to the Government at the pre-trial conference on May 5, 2005, it was only then that the Government choose to send the narcotics back for re-testing.

9. Furthermore, it was on May 26, 2005 (five days before trial), that I received the results of the re-weighing, including dozens of pages of lab notes, as well as drug logs.

10. Putting aside an argument that there was a discovery violation, but without waiving the same, after review of the materials submitted by the Government, I have seen issues that I need to consult with additional experts, including lab personnel, trained in lab protocol and industry standards in weighing narcotics. I further now don't see the need for the first expert which was secured.

11. This circumstance in my opinion has caused Mr. Rack great hardship, as he has to: 1) incur a delay while I search for another expert trained to address the new issue raised by the Government; and 2) used additional financial resources to achieve the objective in 1).

12. Had the Government performed the appropriate testing at the beginning of this case, and disclose discovery in its possession upon my request, the Defendant would not have been placed in his present predicament.

13. I anticipate it will cause me two to four weeks to find an appropriate expert to testify in this case.

14. We ask that this court deny the Government's submission of this second testing, so as to prevent the Defendant the undue prejudice he would experience, and to place both Parties in the same place it was as of the Pre-trial conference.

Signed under the pains and penalties of perjury this 3 1st day of May, 2005

Gordon W. Spencer



# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
## Department of Public Health
### State Laboratory Institute, 305 South Street
### Boston, MA 02130
### 617-983-6622

Mitt Romney
Governor

Kerry Healey, Lt. Governor

Ronald Preston, Secretary

Christine Ferguson
Commissioner

DATE RECEIVED: 09/16/2004
DATE ANALYZED: 09/17/2004

NO. 681199R
I hereby certify that the substance
Contained in 18 plastic bags                              MARKED: 681199R
Submitted by P.O. WM. DONNELLY of the BOSTON POLICE DEPT.

Has been examined with the following results:
The substance was found to contain:
Cocaine base, a derivative of Coca leaves, as defined by Chapter 94C,
Controlled Substance Act, Section 31, Class B.

The identification of the contents of the 18 plastic bags
was determined by analysis of a representative sample of 5 plastic bags.
The net weight of the 18 plastic bags was derived from the
average weight of the sampled plastic bags.


NET WEIGHT: 5.64 grams

DEFENDANT: RACK, CRANDALL & COWENS, KENNETH

ASSISTANT ANALYSTS    Pamela Frasca        Sonja Farak

On this Friday, September 24, 2004, before me, the undersigned notary public, personally appeared the above signed subscriber(s), having proved to me through Department of Public Health documentation to be the person(s) whose name(s) is/are signed on this certificate and to be (an) assistant analyst(s) of the Department of Public Health, and who swore to me that the contents of this document are truthful and accurate to the best of his/her/their knowledge and belief.

Allan C. Stevenson
Notary Public
Commonwealth of Massachusetts
My commission expires on
May 31, 2007

Allan C. Stevenson, NOTARY PUBLIC
My commission expires on May 31, 2007

Chapter 111, Section 13 of the General Laws
This certificate shall be sworn to before a Justice of the Peace or Notary Public, and the jurat shall contain a statement that the subscriber is the analyst or assistant analyst of the department. When properly executed, it shall be prima facie evidence of the composition, quality, and the net weight of the narcotic or other drug, poison, medicine, or chemical analyzed, and the court shall take judicial notice of the signature of the analyst or assistant analyst, and of the fact that he/she is such.