UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 04-10300-GAO |
| ) | |
| CRANDALL RACK, ) | |
| Defendant. ) | |
| ) | |

**MOTION TO RECONSIDER SUPPRESSION RULING**

The government, represented by its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully requests that this Court reconsider its ruling on the evidentiary matter before it earlier this day (see Defendant's Motion to Exlude)[1].

BACKGROUND

The Defendant moved this morning for exclusion of the "full weighing" of the drugs involved in this matter. That full weighing occurred within the last two weeks and was requested by the government (of the state laboratory) on the same day that the Defendant notified the government of its intent to impeach the testimony of the government's witness who would testify with regard to the weight of the drugs and, presumably, how such weight was determined by the government witness.

An initial weighing had occurred in September of 2004. In that weighing, five of the

---

[1] The government was presented with the Defendant's written Motion to Exclude just moments before it was presented to the Court on this day. This "Motion" by the government represents the first opportunity the government has had to address the matter in writing to the Court.

eighteen small bags of cocaine base were weighed. Based on those individual weights and the fact that the size of each rock-like substance in all of the bags appeared to be quite comparable, an estimated weight of 5.64 grams was found by the state laboratory (the full weighing found the actual weight to be 5.7 grams). It is the government's understanding that it is not atypical for a matter in which possession and/or distribution of drugs is alleged by the government for an estimated weight to be relied upon by the government. Nonetheless, given the gravity of the matter, the government sought a full weighing. Nothing in the federal or local rules appears to preclude such a duplicative approach to its case through the full weighing of the drugs.

## GOVERNMENT'S CONCERN

The government bears a heavy burden in the current matter. It must present evidence which convinces the trier of fact that the Defendant possessed with the intent to distribute five or more grams of cocaine base.

The Defendant indicated this day that he intends to rely at trial upon the testimony of an expert witness who will testify as to issues concerning weight. Presumably, that witness will question the ability of the state laboratory to estimate a weight that was found to be merely .64 grams above the critical five gram threshold (critical for purposes of federal law as opposed to state law).

Given the Court's ruling today, the Defendant - through his witness - will be allowed to assert that the government relied solely on an estimated weight in this matter and the Defendant will, presumably, be permitted to question the government's witness as to why it would rely solely on such an estimated weight. It is nearly inconceivable that the Defendant will not take

such an approach. Respectfully, for the Court to allow such an attack would allow the Defendant to seriously distort the actual case prepared by the government in this matter (given the full weighing of the drugs).

In addition, should the Defendant be permitted to, effectively, assert that the government relied solely on such an estimated weighing alone in making its determination (a clear fiction in this matter), the government believes that it should be permitted to rebut such an assertion with evidence of the full weighing.

Furthermore, with regard to the sufficiency of the estimated weighing of the drugs, the government was never precluded by any federal or local rule from either relying on that weight or conducting another estimated weighing or conducting a full weighing of each individual bag. Upon the government's May 10, 2005 request for a full weighing, the state laboratory supervisor replied that it would be more common to simply conduct an additional sample weighing - rendering the estimate even more reliable. The government's response was that it desired a full weighing of each and every bag and that, given the potential penalties to the Defendant (if convicted) as well as the apparent route of attack now anticipated by the government against its witness, that full weighing was in the best interest not only of the government but also, the Defendant.

It is also worth noting that the Defendant did not request an opportunity to conduct his own weighing of any of the eighteen bags involved in this matter. The Defendant would have been afforded such an opportunity had he made such a request, just as he has been afforded an opportunity to examine the drugs. Of course, the government recognizes that it carries the

burden of proof in this matter. Unfortunately, the Court's decision today constrains that proof which the government will be allowed to present in meeting its burden.

Finally, the government should not be constrained in its trial preparation by the Defendant's apparent trial strategy. The government has no duty to, in essence, preserve and protect a particular route of strategy being pursued by the Defendant against the government. Yet, the effect of today's ruling more or less prevents the government from adapting its trial strategy when confronted with the Defendant's notice of his intentions. Such a limitation is not supported by statute or rule.

## OTHER REMEDIES

Respectfully, the government submits that less draconian measures are available to the Court in its effort to ensure that the Defendant's efforts are not prejudiced by any actions of the government. More precisely, the government submits that a granting of additional time (as requested in the alternative by the Defendant in his Motion to Exclude) is an appropriate remedy in this matter.

Should the Court decline to reverse its ruling to exclude the full weighing, the Court should allow the government to rebut any assertion by the Defendant (or his witnesses) at trial that the estimated weight is unreliable by introducing evidence of the full weighing.

## CONCLUSION

The government respectfully requests that this Court reconsider its decision to exclude evidence in this matter and that, in the alternative, it allow (upon request of the Defendant) additional time in which the Defendant can formulate or re-formulate his trial strategy. Should

the Court decide against reversing its ruling, the government would request that the Court rule on whether it would allow the government to present, at rebuttal, evidence that it in fact conducted further weighing of the drugs which enhanced the reliability of its initial findings in the estimated weighing.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By:   /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney

May 31, 2005

### CERTIFICATE OF SERVICE

    A copy of the foregoing was delivered to Counsel for the Defendant, Gordon Spencer, Esq., on this day, via facsimile as well as first class mail.

By:   /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney

May 31, 2005