UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10300-GAO |
| | ) | |
| CRANDALL RACK, | ) | |
|         Defendant. | ) | |
| | ) | |

**GOVERNMENT'S RENEWED MOTION FOR
RECONSIDERATION**

The government respectfully renews its motion for reconsideration, and asks the Court to rule that it may use in its case in chief the actual weight of the cocaine base determined by the state laboratory in its second testing of the drugs. In support of this motion, the government states the following:

    1.    On May 31, 2005, the Court excluded the actual weight of the cocaine base because the defendant developed a theory of the case (i.e., that the estimated weight is an unreliable measurement) and the government's response to that theory (i.e., a full weighing of the drugs and a determination of the actual weight based on that full weighing of each of the eighteen plastic bags containing cocaine base) came after the pretrial conference. As the government previously told the Court, it directed that the drugs be re-tested immediately after learning that it only had an estimated weight and it turned over the results of that testing immediately.[1] There was no discovery violation and, as a consequence, the remedies that are available to courts for discovery violations are

---

[1] It directed that the drugs be fully tested (not an estimated, but an actual weighing of each plastic bag of cocaine base) on May 5, 2005, the date of the pretrial conference. It received the results on May 20, 2005, and forwarded the results to defense counsel on the same day.

completely inapplicable to this case. United States v. Amaya-Manzanares, 377 F.3d 39, 42 (1st Cir. 2004)(Rule 16 applies to discovery in the government's possession; the government is not in violation of the rule when it prepares documents for trial purposes). Notably, the Court did not find that the government violated either the federal rules of criminal procedure, or the local discovery rules. Not only was there no violation of the applicable discovery rules, but the government's actions here only furthered the "truth-seeking" function of the trial process. This function of the criminal process should not be undermined merely because it would impair a defense that would actually suggest an inaccuracy. *See* United States v. Gladney, 563 F.2d 491, 495 (1st Cir. 1977)(discussing truth seeking function of trial).

2. On June 6, 2005, the Court agreed that the government may offer the actual weight in rebuttal (an argument the government made as an alternative to its primary argument), and the government is thankful for that ruling. Nonetheless, the government submits that the Court erred in excluding the actual weight from the government's case in chief. The government wishes to make clear that it has not waived or abandoned that argument in light of the Court's June 6, 2005 ruling, and invites the Court to correct the error now, before trial. The issue is important both as a practical matter, and for institutional reasons. As a practical matter, the Court's ruling allowing the government to use the second test in rebuttal does not completely address the concerns that the government has as a result of not being permitted to use the second test during its case in chief. While the defendant may decline to offer testimony challenging the estimated weight, he might still argue to this Court during his closing statement -– or to the Court of Appeals should he be convicted -- that the estimated weight is insufficient to trigger the enhanced statutory maximum. The government should not have to address such a claim before this Court or in the Court of Appeals.

As an institutional matter, it is important that the government not be precluded from perfecting its case with new evidence just because new evidence undermines or challenges a defense theory or witness. The government has not violated a discovery rule, and it should not be prevented from presenting the best evidence it has on an important factor at trial.

      3.     Even if the government had violated a discovery rule (which it did not), exclusion of evidence (rather than, for example, a continuance) would be an inappropriate remedy. *See, for example*, United States v. Candelaria-Silva, 162 F.3d 698, 703 (1st Cir. 1998)(rejecting defendant's claim that the district court abused its discretion in failing to exclude evidence, this Court stated, "This Court will not grant the 'draconian relief' of suppression and reversal when it is 'grossly disproportionate both to the prosecutor's nonfeasance and any prejudice to the defense.'"); Gladney, 563 F.2d at 494 ("Violation of Rule 16(a)(1)(A), like the violation of other discovery rules, calls for the application of differing remedies depending upon the seriousness of the violation and the amount of prejudice to the defendant. In recognition of this, Rule 16(d)(2) provides for different remedies for non-compliance including as an alternative to outright rejection of the non-disclosed evidence a continuance."). *See also* United States v. Golyansky, 291 F.3d 1245, 1249 (10th Cir. 2002) (where court did not find bad faith, and the only prejudice to the defendant was an "additional financial burde[n] should the case be continued," the court abused its discretion in excluding evidence. "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."); United States v. Garrett, 238 F.3d 293, 301 (5th Cir. 2000)("In light of the absence of bad faith on the part of the government, the minimal amount of substantive prejudice because of the cumulative nature of the tardily disclosed materials, and the availability of a much less severe sanction than striking witnesses with the effect

of eviscerating the government's case, we find that the district court could most certainly have eliminated the minor prejudice with either a brief delay or a less severe sanction."); United States v. DeCoteau, 186 F.3d 1008, 1010 (8th Cir. 1999) ("When a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance")(citation and internal quotation marks omitted); United States v. Gonzales, 164 F.3d 1285, 1292 (10th Cir. 1999) (although government acted in bad faith, and the defendant's ability to prepare for trial was prejudiced by the government's obstruction of access to witness, the court abused its discretion in failing to continue the case, where continuance would have cured prejudice; striking all of the government's witnesses and dismissing the indictment without making any findings of prejudice was an abuse of discretion); United States v. Mavrokordatos, 933 F.2d 843 (10th Cir. 1991)(district court abused its discretion when it excluded the testimony of witnesses because their statements were provided to defense counsel after the discovery deadline, where there was no indication of bad faith, the government had provided other discovery, and the defendant made "no substantial complaint" of prejudice); United States v. Euceda-Hernandez, 768 F.2d 1307, 1312 (11th Cir. 1985)(district court abused its discretion in suppressing statements disclosed three days before trial; a brief continuance would have cured any prejudice resulting from late disclosure; "[t]he presence of a clear violation of a discovery order does not excuse a trial judge from weighing the [relevant] factors, and imposing the least severe, but effective, sanction"); United States v. Burkhalter, 735 F.2d 1327 (11th Cir. 1984)(district court abused its discretion in suppressing evidence that the government did not disclose until the morning of trial, because late disclosure was not deliberate and continuance would have cured any prejudice the defendant may have suffered from the delay); United States v. Sarcinelli, 667 F.2d 5, 6 (5th Cir.

1982)(district court order suppressing evidence which had the "effect of dismissing narcotics prosecution" could not have been more drastic, and was unjustified where the district court failed to consider relevant factors and impose the least severe sanction).

In sum, there is no legal basis for the exclusion of the actual drug weight during the government's case in chief, and the government respectfully requests that the Court reconsider its ruling allowing the government to offer that evidence only in rebuttal.[2]

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/ Paul R. Moore
>      Paul R. Moore
>      Assistant U.S. Attorney

Certificate of Service

I, Paul R. Moore, Assistant U.S. Attorney, certify that I caused this motion to be served by facsimile on Gordon W. Spencer, Esq., 1256 Park Street, Suite 104, Stoughton, MA 02072 on June 27, 2005.

>/s/ Paul R. Moore
>Paul R. Moore
>Assistant U.S. Attorney

June 27, 2005

---

[2] On June 10, the Court scheduled the trial to begin on June 29, 2005. As the government mentioned at the last hearing, it must have Solicitor General approval to appeal or not appeal the Court's adverse ruling. The government is doubtful that it will have such approval prior to the trial date, and thus it may need to file a protective notice of appeal so that such approval may be obtained. A notice of appeal (which is not legally due until 30 days after the court's ruling on the government's timely motion for reconsideration) will divest the Court of jurisdiction to try the case.