**MANDATE**

04-10300
USDC/MA
O'Toole

# United States Court of Appeals
## For the First Circuit

No. 06-1275

UNITED STATES,
Appellee,

v.

CRANDALL RACK,
Defendant, Appellant.

Before

Boudin, <u>Chief Judge</u>,
Torruella and Lipez, <u>Circuit Judges</u>.

**JUDGMENT**

Entered: July 17, 2007

Crandall Rack appeals from a five-year sentence imposed following his conviction at a bench trial of possessing cocaine base with intent to distribute. In calculating the advisory guideline sentencing range of 87-108 months, the sentencing judge (who had presided at the bench trial) determined that the government had met its burden of proving by a preponderance of the evidence that the drug quantity was five or more grams. At the bench trial, Rack had been acquitted of the charge that five or more grams was the drug quantity for the charged offense.

On appeal, Rack makes two arguments. The first is that it was a violation of the Due Process Clause for the sentencing court to base its drug quantity finding on acquitted conduct and to apply a preponderance of the evidence standard. We have previously rejected both such Due Process claims in other cases. See <u>United States</u> v. <u>Gobbi</u>, 471 F.3d 302, 313-14 (1st Cir. 2006) ("Post-<u>Booker</u>, the law has not changed in this regard: acquitted conduct, if proved by a preponderance of the evidence, still may form the basis for a sentencing enhancement"); <u>United States</u> v. <u>Malouf</u>, 466 F.3d 21, 27 (1st Cir. 2006) (holding that drug quantity findings, even ones that trigger a mandatory minimum sentence, may - consistent with Due Process - be proved by a preponderance of the evidence). Therefore, appellant's Due Process argument is unavailing.

Appellant's second argument is that the sentencing judge erred in basing its drug quantity determination on evidence that it had itself found during the bench trial to be unreliable and unworthy of trust. The sentencing court itself explained the discrepancy this way:

> [T]he government had evidence which might have persuaded a finder of fact by a preponderance of the evidence but failed to persuade me as the finder of fact by the requisite degree of certainty; that is that I had no reasonable doubt about the reliability of the weighings. And so that was the reason I was -- I found as I did.

The sentencing court adopted the drug quantity contained in the PSR. That drug quantity was based upon an actual weighing of all of the seized cocaine base which Rack was charged with possessing with intent to distribute. We will set a side a drug quantity calculation only if it is clearly erroneous. United States v. Ortiz-Torres, 449 F.3d 61, 79 (1st Cir. 2006). The court's finding that the government's witness' trial testimony regarding the actual weighing of the seized drugs was sufficiently reliable to meet the "preponderance-of-the-evidence" standard is not clearly erroneous. The district court "possesses 'broad discretion' in determining whether evidence is sufficiently reliable for sentencing purposes." United States v. Green, 426 F.3d 64, 66 (1st Cir. 2005).

Rack's sentence is affirmed. See 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk

Date: 8/10/07

MARGARET CARTER

By: _____
Chief Deputy Clerk.

[cc: Jonathan G. Mermin, Esq., Dina M. Chaitowitz, AUSA]