UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
          V.             )        CRIMINAL NO. 04-10300-GAO
                         )
CRANDALL RACK            )

**JOINT STATUS REPORT OF GOVERNMENT AND DEFENDANT REGARDING
APPLICATION OF 18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10,
and
DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney James Lang, and the defendant Crandall Rack, by defense counsel Timothy G. Watkins, Assistant Federal Public Defender, respectfully submit this memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Defendant further moves under those provisions that the Court resentence the defendant to time-served.

**I.  JOINT STATUS REPORT**

Pursuant to paragraph 1 of this Court's procedural order dated March 13, 2008, the parties have conferred with each other and with United States Probation Officer Martha Victoria, and report as follows:

1.(a)    **The parties have differing positions on defendant's eligibility for a reduction in sentence in accordance with 18 U.S.C. § 3582(c)(2), with the Probation Department opposing and the Government taking no position pending clarification by the Court.**

(i)    <u>**General background of this case**</u>.

On September 29, 2005, the defendant was charged in a two-count indictment charging possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking offense.  PSR at Part A, ¶ 2 & 3.  The government also alleged that the weight of the cocaine base exceeded five grams, and thus invoked the statutory mandatory minimum provided in 21 U.S.C. § 841(b)(1)(B)(iii).  After a bench trial, the Court found the defendant guilty of possession with intent to distribute cocaine base, but concluded that the government had not proved beyond a reasonable doubt that the quantity of cocaine base exceeded five grams.

At sentencing, the Court applied the sentencing guidelines and held defendant accountable for between five and twenty grams of cocaine base, and further determined that defendant had possessed a dangerous weapon during the offense.  This yielded a Total Offense Level of 28.  PSR at ¶ 25.

Defendant had three criminal history points as the result of a continued without a finding disposition; thus his Criminal History Category was II and his Guideline Sentencing Range was **87-108** months.  PSR at ¶ 65.  The Court imposed a non-guideline

-2-

sentence of **60** months' imprisonment, a sentence 31% lower than the bottom of the Guideline Sentencing Range, citing the nature and circumstances of the offense and that the defendant's prior disposition did not result in a lengthy sentence and was not especially serious in the context of the defendant's life.

### (ii) Pertinent legal authority.

During the past amendment cycle, the United States Sentencing Commission amended the crack cocaine guidelines to lower penalties in crack cocaine offenses.[1]  The amendments (Amendment 706 as amended by 711) were the result of years of critical study and analysis by the Commission.  See Kimbrough v. United States, 128 S.Ct. 558, 568-69 (2007).  Effective March 3, 2008, the Commission voted unanimously to apply the crack cocaine amendments retroactively to sentences that had otherwise become final.

Title 18 U.S.C. § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The governing Sentencing Commission policy statement is

---

[1]Generally, the amendments reduce the offense level in crack cocaine cases by two levels.

U.S.S.G. § 1B1.10.  Section 1B1.10(a)(1) provides, in pertinent part:

> (1)  <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, **and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below**, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .

(emphasis added).  Furthermore, where, as here, the court downwardly departed from the applicable guideline sentencing range at the original sentencing, § 1B1.10(b)(2)(B) provides that a comparable departure from the new guideline range may be appropriate:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. . . .

U.S.S.G. § 1B1.10(b)(2)(B).  Finally, the Commission's crack cocaine amendments are enumerated in § 1B1.10(c) as amendments which may be applied retroactively.

As discussed further below, application of the new crack cocaine amendments lowers the guideline range applicable to the defendant.  The defendant is therefore eligible for a reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

1.(b)    **Revised guideline calculation.**

Defendant remains in Criminal History Category II.  In defendant's view, his new  Guideline Sentencing Range is **70-87**

-4-

months (compared to his old Guideline Sentencing Range of **87–108** months).

      1.(c)        **Recommendation for sentencing**.

Defendant's current release date is December 6, 2008. A report prepared by the United States Probation Office indicates that, while incarcerated, the defendant (1) earned his GED while in custody, (2) participated in several other education programs, and (3) incurred just two minor disciplinary reports. The Probation Department's report is attached as Exhibit A. Defendant is now serving the final portion of his sentence at the Metropolitan Detention Center in Brooklyn, New York. According to the Presentence Report, Mr. Rack will return to his mother's home in Roxbury (where she lives with a Boston Police Officer) and will have job opportunities available to him upon his release.

Each of the parties - defendant, the government, and the Probation Office - has differing view in its recommendation for action by the Court. The parties agree that if the Court departed from the low-end of the Guideline Sentencing by the same magnitude (31%) it did when it imposed the original sentence, it would impose a sentence of 47 months - 13 months lower than the 60 months actually imposed by the court. Because defendant has actually completed 51 months of the previously imposed 60-month sentence (adjusted for earned good time), he has served four

-5-

months longer than a proportionally-adjusted sentence and thus
appears facially eligible for a reduction to time-served and
immediate release.

Notwithstanding his facial eligibility, however, the
Probation Department contends that the defendant is ineligible
for further reduction.  This is so, according to the Probation
Department, because the Court's preponderance finding during the
sentencing hearing that the offense involved in excess of five
grams of cocaine base for guidelines purposes also implicitly
triggered the statutory mandatory minimum sentence making further
reduction legally impossible.  In defendant's view, the Probation
Department's position appears to be at odds with the Court's
explicit determination during trial that the government had not
proved the element of weight beyond a reasonable doubt and its
further conclusion at sentencing that the mandatory minimum was
not implicated.  Sent Hrg. Tr. at 11.  That determination is
echoed in the Judgment, which states that "no count of conviction
carries a mandatory minimum sentence."

The government takes a middle position.  It would defer
to the Court's clarification of the determination it made at
trial on the evidence presented as to whether the government
proved by a preponderance that the defendant possessed with
intent to distribute more than five grams of cocaine base.  If
the Court's finding at trial was that the evidence did not

-6-

support even a preponderance finding (in addition to failing to meet the beyond a reasonable doubt standard), the Court is free to give the proportional reduction and sentence defendant to time served.  Conversely, if the Court determines that although the government did not reach the beyond a reasonable doubt standard at trial it <u>had</u> proved the weight by a preponderance standard, the 60-month mandatory minimum applies and no reduction can be granted.

        1.(d)    **<u>Necessity for hearing; the defendant's presence</u>**.

The parties respectfully submit that a hearing in this matter is not necessary.  The parties are available, however, should the Court wish to conduct a hearing and, in light of the fact that the defendant may be eligible for immediate release, respectfully request that such a hearing be expedited.  If the Court deems a hearing necessary, defense counsel may request that the defendant be permitted to appear via video conference.

        1.(e)    **<u>The earliest projected release date based on the low end of the revised guideline calculation</u>**.

In defendant's view, he is eligible for release immediately based on a reduction from the low end of the revised guideline calculation proportional to that the Court employed at defendant's original sentencing hearing.  As outlined above however, the Probation Department's view is that a reduction is not possible and defendant's release date must remain December 6, 2008.

1.(f)    **Briefing schedule**.

The parties respectfully submit that a briefing schedule is not necessary in this case.

1.(g)    **Necessity of transcript**.

The transcript of the sentencing hearing is attached hereto as Exhibit B.

1.(h)    **Plea Agreement**.

There was no plea agreement in connection with the disposition of this case.

**DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10**

Based upon the foregoing, defendant hereby moves the Court to resentence the defendant pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 and to impose a sentence of time-served. As outlined above, the government takes no position until clarification by the Court of its finding during trial.

RESPECTFULLY submitted this 18th day of April, 2008.


CRANDALL RACK                          MICHAEL J. SULLIVAN
Defendant                              United States Attorney



By: /s/ Timothy G. Watkins            By:  /s/ James Lang

Timothy G. Watkins                    James Lang
Assistant Federal Public Defender     Assistant U.S. Attorney
Counsel for Defendant

<u>Certificate of Service</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on April 18, 2008.

/s/ Timothy G. Watkins